1  Daniel M. Cislo, Esq., No. 125,378
    *dan@cislo.com*
2  Mark D. Nielsen, Esq., No. 210,023
    *mnielsen@cislo.com*
3  Sean D. O'Brien, Esq., No. 238,418
    *sobrien@cislo.com*
4  CISLO & THOMAS LLP
   1333 2nd Street Suite 500
5  Santa Monica, California 90401-4110
   Telephone: (310) 451-0647
6  Telefax: (310) 394-4477

7  Attorneys for Plaintiff,
   COA, INC. dba COASTER CO. OF AMERICA
8

9  Ivan Posey, Esq., No. 196,386
    *iposey@shimokaji.com*
10 SHIMOKAJI & ASSOCIATES, P.C.
   8911 Research Drive
   Irvine, CA 92618
11 Telephone: (626) 322-0060
   Telefax: (213) 559-8822
12

13 Attorneys for Defendants, XIAMEI
   HOUSEWARE GROUP CO., INC., and
   CHIA TSENG
14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17

18 COA, INC. dba COASTER CO. OF          ) CASE NO.  CV 12-1892-GAF (FMOx)
   AMERICA, a California corporation     )
19                                        ) [Hon. Fernando M. Olguin]
              Plaintiff,                  )
20                                        ) [~~PROPOSED~~] ORDER ENTERING
          vs.                             ) STIPULATED PROTECTIVE
21                                        ) ORDER
                                          )
22 XIAMEI HOUSEWARE GROUP CO.,           )
   INC. a California corporation, CHIA   ) NOTE CHANGES MADE BY THE COURT.
23 TSENG, an individual, and DOES 1-9,   )
   inclusive,                            )
24                                        )
              Defendants.                 )
25                                        )
                                          )
26

27

28

[Clerk's filing stamp:]
FILED
CLERK, U.S. DISTRICT COURT
AUG 30 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER**

1.     PURPOSES AND LIMITATIONS

1.1     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2     **Good Cause Statement**:  The parties to this case are competitors in the business of importing, marketing and selling furniture items for the home.   The parties each have their products made overseas and import them into the United Sates for distribution and sale.   Because of the parties' status as competitors, confidential business information such as sales data, customer lists, cost-of-goods sold, pricing, manufacturing agreements, information and materials that qualify as trade secrets under California Civil Code § 3426.1, and other, similar information must necessarily be protected from disclosure to opposing parties and/or other competitors in the market, so as to avoid significant competitive harm.

The parties to this case each sell their product on Amazon.com, including very similar products, and the information contained in some of the Amazon.com advertisements for what appear to be Defendant Xiamei's products contain

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

1  information that could be interpreted to create the impression that Defendant

2  Xiamei is selling Plaintiff Coaster's products, which Xiamei is not.

3  The threshold issue in the complaint centers on the whether or not Plaintiff

4  owns valid trademark rights in the name "COASTER," and whether or not any such

5  trademark rights have been infringed by Defendants through the advertisements for

6  Defendant Xiamei's products on Amazon.com.  In addition, whether Defendants

7  made false statements of fact in Amazon.com advertisements related to the source

8  of Defendant Xiamei's products as being from Coaster is in dispute.

9  Resolution of these issues and the associated damages analysis necessarily

10  requires evidence of sales information, cost information, any marketing information

11  or research, and customer lists, at a minimum, to be disclosed, at minimum, to

12  opposing counsel.  The [Proposed] Protective Order is geared towards allowing

13  resolution of the factual and legal issues without imposing undue competitive harm

14  on the parties.

15  Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a

16  protective order upon a showing of good cause, and provides that the protection of a

17  trade secret or other confidential commercial information is a proper basis for the

18  issuance of a protective order.  The party seeking such an order must demonstrate a

19  particular and specific need for the protective order.  Gray v. Rodewald, 133 F.R.D.

20  39, 40 (N.D. Cal. 1990).

21  A protective order that focuses on preventing disclosure of particular

22  information, e.g. confidential business information, where disclosure would "likely

23  cause serious harm," is supported by good cause.  Hayden v. Siemens Medical

24  Systems, Inc., 106 F.R.D. 551, 556, (S.D.N.Y. 1985).  To support a showing of

25  good cause, however, a protective order must be sufficiently tailored in the

26  information it seeks to protect, e.g. by designating certain classes or types of

27  information.  Id.

28  A "blanket" protective order, as opposed to a broader "umbrella" protective

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

3

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

1    order, "permits the parties to protect documents that they in good faith believe
2    contain trade secrets or other confidential commercial information. Such protective
3    orders are routinely agreed to by the parties and approved by the courts in
4    commercial litigation, especially in cases between direct competitors." Bayer AG
5    and Miles Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

6        As direct competitors, the parties' proposed protective order was drafted
7    specifically to protect the disclosure of each party's commercially sensitive sales
8    information and other confidential business information, as set forth above and
9    below. Confidential information under this agreement is specifically defined
10   below. Such information, under the proposed protective order, may be designated
11   CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY, and is open to
12   challenge by either party, any third party, or the public.

13       Based on the foregoing demonstration of good cause in support of the
14   parties' Stipulated Protective Order, this Order should be granted by the Court to
15   protect the parties' confidential business information.

16   2.    DEFINITIONS

17       2.1    Challenging Party: a Party or Non-Party that challenges the
18   designation of information or items under this Order.

19       2.2    "CONFIDENTIAL" Information or Items: information (regardless of
20   how it is generated, stored or maintained) or tangible things that qualify for
21   protection under Federal Rule of Civil Procedure 26(c), and include, but are not
22   necessarily limited to, sales data, customer lists, cost-of-goods sold, pricing, market
23   research, and manufacturing agreements, and other similar information. It is noted
24   that some of this information may be sufficiently sensitive that it might be
25   designated pursuant to section 2.7 below.

26       2.3    Counsel (without qualifier): Outside Counsel of Record (as well as
27   their support staff).

28       2.4    Designating Party: a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information and items include, but are not necessarily limited to, sales data, customer lists, cost-of-goods sold, pricing, market research, and manufacturing agreements, information and materials that qualify as trade secrets under California Civil Code § 3426.1, and other similar information and items.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors,

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of paragraphs 2.2 and 2.7 above.

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647 · FACSIMILE: (310) 394-4477

6

1 the Designating Party. Any use of Protected Material at trial shall be governed by a
2 separate agreement or order.

4.    DURATION

    4.1   **Confidential Designations at Trial**: The parties understand that the
Court presumptively does not allow for confidentiality designations to be
maintained at trial. Should either of the parties believe that any of the information
or items disclosed in this action that have been designated by either party as
CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY requires
that such level of protection be maintained at trial, the parties will separately apply
to the ~~Court~~ *district judge* for such relief sufficiently in advance of trial to allow for a motion to
be filed, if necessary, and a hearing and order on such motion to occur. Any such
request to maintain any information or items as CONFIDENTIAL or
CONFIDENTIAL – ATTORNEYS' EYES ONLY for trial shall *specifically*
identify and enumerate the information or item(s) sought to be so protected at trial,
and *specifically* articulate the need to maintain such information or item(s) as
CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY at trial.

    4.2   ~~**Confidential Designations after Final Disposition**~~: ~~Subject to
section 4.1, even after final disposition of this litigation, the confidentiality
obligations imposed by this Order shall remain in effect until a Designating Party
agrees otherwise in writing or a court order otherwise directs.~~ Final disposition
shall be deemed to be the later of (1) dismissal of all claims and defenses in this
action, with or without prejudice; and (2) final judgment herein after the completion
and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
including the time limits for filing any motions or applications for extension of time
pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

    Each Party or Non-Party that designates information or items for protection

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647 · FACSIMILE: (310) 394-4477

under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

8

for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial ~~or trial proceedings~~, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. The entire transcript shall be treated as

9

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the 21 day period. Any testimony not designated prior to the expiration of the 21 day period after the transcript becomes available shall be treated as undesignated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

10

1  reasonable efforts to assure that the material is treated in accordance with the

2  provisions of this Order.

3  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

4  6.1  Timing of Challenges. Any Party or Non-Party may challenge a

5  designation of confidentiality at any time. Unless a prompt challenge to a

6  Designating Party's confidentiality designation is necessary to avoid foreseeable,

7  substantial unfairness, unnecessary economic burdens, or a significant disruption or

8  delay of the litigation, a Party does not waive its right to challenge a confidentiality

9  designation by electing not to mount a challenge promptly after the original

10  designation is disclosed.

11  6.2  Meet and Confer. The Challenging Party shall initiate the dispute

12  resolution process by providing written notice of each designation it is challenging

13  and describing the basis for each challenge. To avoid ambiguity as to whether a

14  challenge has been made, the written notice must recite that the challenge to

15  confidentiality is being made in accordance with this specific paragraph of the

16  Protective Order. The parties shall attempt to resolve each challenge in good faith

17  and must begin the process by conferring directly (in voice to voice dialogue; other

18  forms of communication are not sufficient) within 14 days of the date of service of

19  notice. In conferring, the Challenging Party must explain the basis for its belief that

20  the confidentiality designation was not proper and must give the Designating Party

21  an opportunity to review the designated material, to reconsider the circumstances,

22  and, if no change in designation is offered, to explain the basis for the chosen

23  designation. A Challenging Party may proceed to the next stage of the challenge

24  process only if it has engaged in this meet and confer process first or establishes

25  that the Designating Party is unwilling to participate in the meet and confer process

26  in a timely manner.

27  6.3  Judicial Intervention. If the Parties cannot resolve a challenge without

28  court intervention, the Designating Party shall file and serve a motion to retain

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647  FACSIMILE: (310) 394-4477

11

confidentiality under Local Rule 37 (and in compliance with Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647 · FACSIMILE: (310) 394-4477

1  Receiving Party must comply with the provisions of section 13 below (FINAL

2  DISPOSITION).

3       Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

7  otherwise ordered by the court or permitted in writing by the Designating Party, a

8  Receiving Party may disclose any information or item designated

9  "CONFIDENTIAL" only to:

10       (a) the Receiving Party's Outside Counsel of Record in this action, as well as

11  employees of said Outside Counsel of Record to whom it is reasonably necessary to

12  disclose the information for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

14  A;

15       (b) the officers, directors, and employees of the Receiving Party to whom

16  disclosure is reasonably necessary for this litigation and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       (c) Experts (as defined in this Order) of the Receiving Party to whom

19  disclosure is reasonably necessary for this litigation and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21       (d) the court and its personnel;

22       (e) court reporters and their staff, professional jury or trial consultants, and

23  Professional Vendors to whom disclosure is reasonably necessary for this litigation

24  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

25  A);

26       (f) during their depositions, witnesses in the action to whom disclosure is

27  reasonably necessary and who have signed the "Acknowledgment and Agreement

28  to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

14

CISLO & THOMAS LLP
Attorneys at Law
1333 2nd Street
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1 writing the Designating Party of the unauthorized disclosures, (b) use its best

2 efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

3 person or persons to whom unauthorized disclosures were made of all the terms of

4 this Order, and (d) request such person or persons to execute the "Acknowledgment

5 and Agreement to Be Bound" that is attached hereto as Exhibit A.

6 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

7 <u>PROTECTED MATERIAL</u>

8 When a Producing Party gives notice to Receiving Parties that certain

9 inadvertently produced material is subject to a claim of privilege or other

10 protection, the obligations of the Receiving Parties are those set forth in Federal

11 Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

12 whatever procedure may be established in an e-discovery order that provides for

13 production without prior privilege review. Pursuant to Federal Rule of Evidence

14 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

15 of a communication or information covered by the attorney-client privilege or work

16 product protection, the parties may incorporate their agreement in the stipulated

17 protective order submitted to the court.

18 12. <u>MISCELLANEOUS</u>

19 12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

20 person to seek its modification by the court in the future.

21 12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

22 Protective Order no Party waives any right it otherwise would have to object to

23 disclosing or producing any information or item on any ground not addressed in

24 this Stipulated Protective Order. Similarly, no Party waives any right to object on

25 any ground to use in evidence of any of the material covered by this Protective

26 Order.

27 12.3 <u>Filing Protected Material</u>. Without written permission from the

28 Designating Party or a court order secured after appropriate notice to all interested

17

persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 79-5 unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. ~~Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in~~

1    Section 4 (DURATION).

2

3    **PURSUANT TO THE STIPULATION OF THE PARTIES THROUGH**

4    **THEIR COUNSEL OF RECORD, IT IS SO ORDERED.**

5

6    Date: _____Aug. 30_____, 2012

7                                              Hon. Fernando M. Olguin
                                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

///

///

///

20

1   I hereby appoint _____ [print or type full name] of

2   _____ [print or type full

3   address and telephone number] as my California agent for service of process in

4   connection with this action or any proceedings related to enforcement of this

5   Stipulated Protective Order.

6

7   Date: _____

8   City and State where sworn and signed: _____

9

10  Printed name: _____

11  [printed name]

12

13  Signature: _____

14  [signature]

15

16  T:\12-26065\Revised [Proposed] Order Entering Stipulated Protective Order.doc

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647
FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647 · FACSIMILE: (310) 394-4477

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court.

I hereby certify that on August 27 2012, I caused the foregoing document to be served by the Court's Electronic Filing System:

Ivan Posey
SHIMOKAJI & ASSOCIATES, P.C.
8911 Research Drive
Irvine, CA 92618
Telephone: (626) 322-0060
Fax: (213) 559-8822
iposey@shimokaji.com

☒  **FEDERAL**: I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 27, 2012, at Santa Monica, California.

Angelika M. Lintner

# Stipulation

2:12-cv-01892-GAF-FMO COA Inc v. Xiamei Houseware Group Co Inc et al

(FMOx), AO120, DISCOVERY, MANADR

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Cislo, Daniel on 8/27/2012 at 2:20 PM PDT and filed on 8/27/2012

**Case Name:**       COA Inc v. Xiamei Houseware Group Co Inc et al
**Case Number:**     2:12-cv-01892-GAF-FMO
**Filer:**           COA Inc
**Document Number:** 18

**Docket Text:**
**Amended STIPULATION for Protective Order filed by Plaintiff COA Inc. (Attachments: # (1) Proposed Order Entering Stipulated Protective Order)(Cislo, Daniel)**

## 2:12-cv-01892-GAF-FMO Notice has been electronically mailed to:

Daniel Miles Cislo     dancislo@cislo.com, krokus@cislo.com

Ivan M Posey     iposey@shimokaji.com

Mark D Nielsen     mnielsen@cislo.com, angelika@cislo.com, astein@cislo.com, lit@cislo.com

Michael A Shimokaji     mshimokaji@shimokaji.com, federalcourts@shimokaji.com

Sean D O'Brien     sobrien@cislo.com, kbrown@cislo.com, lit@cislo.com

## 2:12-cv-01892-GAF-FMO Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Revised Stipulated Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/27/2012] [FileNumber=14203169-0
] [77072281c2483a4751bd4c741dbf0cc67a584e0fa6116106825c3ac4abdea5d4e14
adafeefc33034bed6893e9560ec9bbef45f326cd53fca57b8c1cf3a5573b4]]
**Document description:** Proposed Order Entering Stipulated Protective Order
**Original filename:** C:\fakepath\Revised [Proposed] Order Entering Stipulated Protective Order.pdf

**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=8/27/2012] [FileNumber=14203169-1
] [7bcc8c48fb53b07a92c324cc400c46584c599d60723fb9efc5c85d2f5e9dcad785f
277650133d57a80a302600ea295bef911a794c2de197ba08d7c958ab375c8]]